**Jose FERREYRA–JACOBO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72273.
Agency No. A44–366–879.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 10, 2004.*

Decided Dec. 20, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Nadeem H. Makada, Burlingame, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Nancy E. Friedman, U.S. Department of Justice, Washington, DC, for Respondent.

Before FARRIS, D.W. NELSON, and GOULD, Circuit Judges.

## MEMORANDUM**

Jose Ferreyra–Jacobo, a native and citizen of Mexico, appeals the order of the Board of Immigration Appeals ("BIA"), which affirmed the decision of the immigration judge ("IJ") denying his petition for cancellation of removal. On March 28, 1999, Ferreyra–Jacobo was arrested at the U.S./Mexican border for attempting to smuggle his girlfriend, whom he later claimed was his common law wife, into the United States. Because Petitioner does not qualify for any of the statutory exceptions to removal, we deny the petition.

### Removability under INA § 212(a)(6)(E)(i)

■ The law is clear that any alien "who at any time knowingly ... assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible." INA § 212(a)(6)(E)(i). Ferreyra–Jacobo admitted to doing just that. The statute does not require proof of a conviction for smuggling and the only exception is for an alien who smuggles an individual who *"at the time of such action"* was the alien's spouse, parent, son, or daughter (and no other individual)." INA § 212(d)(11) (emphasis added). There is no exception for a common law spouse, as Petitioner suggests, and the alien's motive in smuggling the individual is irrelevant.

Furthermore, Petitioner never applied for a waiver of inadmissibility under INA § 212(d)(11) from the INS or the IJ, and he failed to raise the issue of his "common law marriage" in his notice of appeal or in his brief to the BIA. This court, therefore, lacks jurisdiction to review the issue on appeal. *See Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.").

### Eligibility for Cancellation of Removal under INA § 240A(a)

■ In order to qualify for cancellation of removal as a lawful permanent resident, an alien must establish that he (1) has been a lawful permanent resident for at least five years; (2) has resided in the United States continuously for seven years after having been admitted in any status; and (3) has not been convicted of an aggravated felony. INA § 240A(a). Under the "stop-time rule" of INA § 240A(d)(1), "any period of continuous residence" ends "when the alien is served a notice to appear." The clock starts once the alien has been "admitted in any status." As the BIA correctly observed, "[a]dmitted is defined in section 101(a)(13) of the Act, 8 U.S.C. § 1101(a)(13), to mean 'the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.'"

Petitioner, by his own admission, was not "admitted" to this country within the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

meaning of 8 U.S.C. § 1101(a)(13) until 1994. Petitioner's continuous residence in the United States began on February 16, 1994, the day he became a lawful permanent resident, and ended on March 28, 1999, the day he was served with the Notice to Appear. He fell well short of the requisite seven years of continuous residence to be eligible for cancellation of removal under INA § 240A(a). Petitioner's argument that the period of continuous residence should have commenced as of his father's attempt to secure him a visa in 1991 is unsupported by statutory authority or case law and is therefore unavailing. PETITION DENIED.